**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10675 |
| Plaintiff - Appellee, | D.C. No. 5:09-cr-00096-LHK-1 |
| v. | |
| NELSON ORELLANA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Lucy Koh, District Judge, Presiding

Submitted June 9, 2014[**]
San Francisco, California

Before: SCHROEDER, GRABER, and BYBEE, Circuit Judges.

Nelson Orellana was convicted after a bench trial of one count of possession

with intent to distribute cocaine and one count of conspiracy. At trial he argued

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

that he had been entrapped by a paid, confidential informant. He appeals, claiming errors at both his trial and his sentencing.

Orellana argues that the district court erroneously admitted hearsay testimony from an investigating officer concerning statements made by a confidential informant. Even assuming that the district court erred in admitting this testimony, any error was harmless. The confidential informant testified and was subject to extensive cross examination. *See United States v. Makhlouta*, 790 F.2d 1400, 1402 (9th Cir. 1986) (holding that a hearsay error was harmless where "[t]he essential elements of the testimony were elsewhere properly admitted in evidence"). Orellana also argues that the district court erred in allowing the officer to give the court an overview of the investigation. There was no objection and no plain error.

Orellana also argues that the district court committed plain error by allowing a government witness to vouch for the credibility of the confidential informant. Improper vouching occurs when a witness attests to an informant's credibility in the case before the court. *See United States v. Stinson*, 647 F.3d 1196, 1212 (9th Cir. 2011). It is not improper, however, for the government to introduce testimony regarding an informant's past credibility when the informant's credibility has been attacked. *See United States v. Nobari*, 574 F.3d 1065, 1078 (9th Cir. 2009). It is

also harmless error to introduce evidence of a witness's truthfulness when an attack on the witnesses credibility is "almost certain to be forthcoming." *See United States v. Shaw*, 829 F.2d 714, 717 (9th Cir. 1987). Here, Orellana disputed the informant's credibility, and the witness testified only that the informant had provided reliable information in the past. There was no plain error.

Orellana contends that, at sentencing, he should not have received a two level sentencing enhancement for obstruction of justice, U.S.S.G. § 3C1.1, because any false statements he made during his trial were unintentional. There was sufficient evidence on the record, however, for the district court to conclude that Orellana acted with "the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). The district court did not abuse its discretion in imposing this enhancement. *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005).

Orellana also argues that the district court committed plain error by adding two months to his sentence for his failure to accept responsibility. Although U.S.S.G. § 3E1.1(a) does not provide for such an enhancement, in this case the district court considered Orellana's failure to accept responsibility when deciding how much of a downward departure to grant under 18 U.S.C. § 3553(a). There was no plain error.

Orellana's conviction and sentence are **AFFIRMED**.